*Emerson*, for libellant.

---

## MERSYLVIA JONES *v.* WAINWRIGHT JONES.

Where a plaintiff in an action pending, is placed under guardianship, and a decree is made by the Probate Court that his estate be administered in the insolvent course, under the law of 1844, Compiled Statutes 159, sec. 30, the suit, upon motion of the guardian, will be discontinued.

THIS is an action of assumpsit, founded on a promissory note. The writ is dated April 11, 1863. The defendant has since been placed under guardianship by a decreed of the probate court in this county, and by a decree of the same probate court, made on the 7th day of July, 1863, his estate was decreed to be settled in the insolvent course. The guardian, W. G. Jones, appears by counsel and moves that the action be dismissed.

*Wheeler & Faulkner*, for the plaintiff.

*Cushing*, for guardian.

BELLOWS, J. By the law of 1844, ch. 135, sec. 2, (C. S. ch. 159, sec. 30), a judge of probate was empowered to decree that the estate of an insane person under guardianship be settled as an insolvent estate; in which case such proceedings were to be had, decrees made, appeals allowed, suits disposed of, and accounts of said guardians adjusted, in the same manner as is now by law provided in cases of insolvent estates of deceased persons; and by ch. 136, Laws of 1844, (C. S. ch. 159, sec. 31), it is provided that in case the dividend declared upon the claims of creditors of such estate shall not be sufficient to satisfy the whole of their claims, then the balances remaining shall survive against the estate of the wards during the guardianship, and for three years after the disability shall be removed.

From these provisions it is quite clear that an equal distribution of the estates of such wards was contemplated, in the mode and manner adopted in the case of insolvent estates of deceased persons; and we perceive no reason to doubt the intention of the legislature to adopt the same provisions for the disposition of pending suits. Indeed, to give effect to the purpose of making equal distribution, the discontinuance of such suits and the consequent release of attachments would seem to be essential.

In respect to insolvent estates of deceased persons, the law expressly provides that no action against the administrator shall be commenced or prosecuted after a decree of insolvency, except actions of review ; but that the cause of action may be presented to the commissioners and allowed, with the costs of any action pending at the time of the decree of insolvency : Rev. Statutes, ch. 161, sec. 8, (C. S. ch. 170, sec. 8 ;) and under this statute it has been decided that, after the decree of insolvency, the commissioners had exclusive cognizance of claims against the estate, and that the court in which a suit against the deceased was pending at the time of the decree had no longer jurisdiction to determine the merits of the action, or to order any disposition of it, except its discontinuance. *Parker* v. *Badger*, 23 N. H. 466, cited by defendant's counsel. Under the former acts, which were substantially like this, the same decisions were made. *Clendennin* v. *Allen*, 4 N. H. 385, *Edes* v. *Durkee, Adm'r*. 8 N. H. 460, also cited by defendant's counsel.

It is true, that if the administrator comes in and makes no objection, by plea or suggestion of such decree, but allows the action to proceed to judgment, it could not be collaterally impeached, inasmuch as the court had general jurisdiction of the cause and parties : *Lyford* v. *Dunn*, 32 N. H. 81 ; but in that case had the objection been taken by plea or suggestion, the suit could not have been further prosecuted, but must have abated.

Assuming, then, that in the case before us the ward was under guardianship by reason of insanity, although it is not expressly so stated, we think the suit *must be discontinued*.